UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>                   Plaintiff,<br><br>          v.<br><br>STATE OF CALIFORNIA, et al.<br><br>                   Defendants. | No.  1:23-cv-01454-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STOP DEDUCTION OF FILING FEE FOR THIS ACTION<br><br>(ECF No. 32) |

On April 29, 2025, the instant action filed pursuant to 28 U.S.C. § 1983, was terminated pursuant to Plaintiff's motion for voluntary dismissal.  (ECF No. 31.)

Currently before the Court is Plaintiff's motion to stop deduction of the filing fee for this action, filed April 27, 2026.  Therein, Plaintiff requests that the Court "recall the fees of [this] case that went nowhere."  (ECF No. 32 at 2.)

**I.**

**DISCUSSION**

"Filing fees are part of the costs of litigation," and prisoner cases are no exception. Slaughter v. Carey, No. CIVS030851MCEDADP, 2007 WL 1865501, at *1 (E.D. Cal. 2007) (quoting Lucien v. DeTella, 141 F.3d 773, 775 (7th Cir. 1998)). Filing fees for initiating a lawsuit in district court are authorized by 28 U.S.C. § 1914. Duclairon v. LGBTQ Cmty. & Grace Cmty. Church Klan, No. 3:18-CV-01095-AC, 2018 WL 5085754, at *1 (D. Or. Oct. 17, 2018); Green v.

1

<u>Bank of America</u>, No. 2:12-cv-02093-GED-CKD PS, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (denying refund of filing fee after pro se plaintiff voluntarily dismissed complaint under Rule 41 (a)). The Prison Litigation Reform Act has no provision for return of fees that are partially paid or for cancellation of the remaining fee. <u>Slaughter</u>, 2007 WL 1865501, at 1 (citing <u>see</u> <u>Goins v. Decaro</u>, 241 F.3d 260, 261-62 (2d Cir. 2001) (inmates who proceeded pro se and in forma pauperis were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals)). In fact, "[a] congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.' " <u>Goins</u>, 241 F.3d at 261.

Neither the authorizing fee statute, 28 U.S.C. § 1914, nor the in forma pauperis statute, 28 U.S.C. § 1915, provides for a refund of the filing fee or portion of the filing fee for any reason. Considering this, courts have generally denied requests for refunds after the commencement of a case, even when the case has been voluntarily dismissed by plaintiff. <u>See</u> <u>Reed v. Newsom</u>, No. 3:20-cv-2439 AJB MDD, 2021 WL 3406283, at *3 (S.D. Cal. Aug. 4, 2021) (the court lacks the authority to refund a filing fee even if a case is voluntarily dismissed under Federal Rule of Civil Procedure 41(a)(1)); <u>Green</u>, 2012 WL 5032414, at *1 (denying refund of filing fee after pro se plaintiff voluntarily dismissed complaint under Rule 41(a)); <u>see also</u> <u>Porter v. Dep't of Treasury</u>, 564 F.3d 176, 179 (3d Cir. 2009) (concluding that voluntary dismissal, dismissal due to jurisdictional defect, or dismissal on the merits do not entitle a litigant to a refund of their filing fee); <u>Goins</u>, 241 F.3d at 261 ("fee-paying litigants have no opportunity to obtain a refund of their filing fees in the event that they withdraw their appeals, and nothing in the PLRA suggests that Congress, after making prisoners liable for filing fees, wanted to give them a refund opportunity not available to others"); <u>Hatchet v. Nettles</u>, 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.").

This action was initially filed in the United States District Court for the Southern District of California (Case No. 3:23-cv-01707-CAB-KSC), and subsequently transferred to this Court on October 11, 2023, for proper venue.  Plaintiff did not pay the filing fee in 3:23-cv-01707-CAB-KSC, and that Court did not rule on the motion to proceed in forma pauperis.  In granting Plaintiff

2

in forma pauperis status in this action, Plaintiff was expressly advised that as a prisoner bringing a civil action in forma pauperis, he was "obligated to pay the statutory filing fee of $350.00 for this action," albeit in installments as available pursuant to the formula provided by 28 U.S.C. § 1915(b)(2). (ECF No. 20 at 2) (citing 28 U.S.C. § 1915(b)(1) & 2.)  Thus, the filing fee is owed upon initiation of an action, and the obligation to pay the filing fee is not predicated upon the guarantee of some particular outcome. Plaintiff filed this action, triggering the obligation to pay a filing fee, and Plaintiff's obligation to pay the filing fee cannot be discharged because it did not proceed as he may have envisioned.  In addition, although Plaintiff may not wish to pay the filing fee from certain funds deposited to his trust account, the Court does not have authority to stop deduction of the fees from his account.  Accordingly, Plaintiff's request to stop deduction of the filing fee is DENIED.

IT IS SO ORDERED.

Dated:　__**April 30, 2026**__

STANLEY A. BOONE
United States Magistrate Judge

3